UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK E. LEE,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONSTAR MORTGAGE, ET AL.,<br><br>  Defendants. | No. 2:13-cv-2511 JAM AC<br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Pending before the court is defendant Nationstar Mortgage's ("Nationstar") motion to dismiss. ECF No. 3. Plaintiff opposes the motion. The court finds this matter suitable for disposition without a hearing. On review of the motion, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2006, plaintiff obtained a mortgage loan in the amount of $416,250.00 from GreenPoint Mortgage Funding, Inc., which was secured by real property located at 1454 Perdita Lane, Lincoln, CA. See Req. for Judicial Notice ("RJN"), Ex. A.[1] The Note was secured by a Deed of Trust ("DOT"), which was recorded in Placer County on January 11, 2007 and secured by the Property. Mortgage Electronic Registration Systems, Inc. was listed in the DOT

---

[1] The court takes judicial notice of documents referenced herein as matters of public record. Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

1

1  as beneficiary and nominee for the lender and lender's successors and assigns.  Id.

2  On September 6, 2011, the nominee for the beneficiary assigned all beneficial interest under the DOT to Aurora Bank FSB ("Aurora").  RJN, Ex. B.  On October 21, 2011, Aurora substituted Defendant Quality Loan Service Corporation as the trustee under the DOT.  RJN, Ex. C.  On September 25, 2012, the beneficial interest was further assigned to the moving defendant, Nationstar.  RJN, Ex. D.

When plaintiff stopped paying his mortgage, Quality Loan recorded a Notice of Default on November 1, 2011 in Placer County.  RJN, Ex. E.  The NOD indicates that plaintiff was $19,488.58 in arrears as of October 27, 2011.  On November 2, 2012, the trustee recorded a Notice of Trustee Sale that set the sale date for November 29, 2012.  RJN, Ex. F.  No sale date is currently scheduled.

On October 3, 2013, plaintiff commenced suit in the Placer County Superior Court against defendants Nationstar and Quality Loan.  See Notice of Removal ("NOR"), Ex. A.  Plaintiff brings claims for violations of various state laws and for violation of a single federal statute, the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*  Defendant Nationstar was personally served on October 31, 2013.  See NOR, Ex. A.  This action was removed by Nationstar on December 4, 2013 pursuant to 28 U.S.C. § 1331.[2]

////

---

[2] Pursuant to 28 U.S.C. §1446(b), a defendant "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  Id. §1446(b)(2)(B).  "Remand is required if a notice of removal is not filed within 30 days after the defendant receives a copy of the complaint."  Newtop v. Rhenquist, 1995 WL 23929, at *1 (N.D. Cal. Jan. 17, 1995).  This requirement is not jurisdictional; if a party does not move to remand the action to state court within 30 days of the notice of removal, any untimeliness in the notice of removal is waived.  See id. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1315 n.3 (9th Cir. 1998) ("Ritchey now suggests that the case was not removed within the required 30 day period.  He waived that issue when he failed to raise it within 30 days after removal." (citation omitted)).  Here, although defendant Nationstar was served on October 31, 2013, it did not remove this case until over thirty days later on December 4, 2013.  Therefore, removal is untimely.  However, since plaintiff did not move to remand within thirty days of removal, he waived this issue.

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include pleadings and other papers filed with a court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

The court will focus its analysis on plaintiff's sole federal claim brought pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., as the court's jurisdiction is premised upon this claim. Defendant seeks dismissal of this claim as, inter alia, time-barred.

A.   Federal Claim

TILA ensures that creditors disclose material information to consumers about the terms of credit transactions and requires disclosure at the time the credit contract is executed. See Meyer

3

1 v. Ameriquest Mortg. Co., 406 F.3d 899, 902 (9th Cir. 2003); 15 U.S.C. § 1601(a).  Plaintiff
2 contends that defendants violated TILA by failing to include and disclose certain finance charges
3 and by calculating the annual percentage rate based on improperly calculated and disclosed
4 amounts, thereby entitled him to rescind the transaction.

5       TILA provides a right to rescind consumer loans that are "secured by the borrower's
6 principal dwelling . . . if the lender fails to deliver certain forms or disclose important terms
7 accurately."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635).
8 The consumer's right to rescind extinguishes at the end of the three-year period following the
9 consummation of the loan, and the right is not subject to equitable tolling.  Id. at 411-12; 15
10 U.S.C. § 1635(f).  Here, the loan transaction at issue originated in 2006, though plaintiff did not
11 file suit until 2013.  Because this transaction did not take place within three years of the filing of
12 plaintiff's complaint, plaintiff's rescission claim is time-barred as a matter of law.  See Beach,
13 523 U.S. at 411-12.  Therefore, the TILA claim must be dismissed.  In his opposition, plaintiff
14 presents no argument with respect to this claim.  Accordingly, the court will recommend that the
15 TILA claim be dismissed without leave to amend.

16 B.     <u>Supplemental Jurisdiction</u>

17       Having recommended that plaintiff's federal claim be dismissed, the undersigned will
18 recommend that the court decline to exercise supplemental jurisdiction over the remaining state
19 law claims pursuant to 28 U.S.C. § 1367(c).

20       Based on the foregoing, IT IS HEREBY ORDERED that the January 22, 2014 hearing on
21 defendant's motion is vacated; and

22       IT IS HEREBY RECOMMENDED that:

23       1.     Defendant's motion to dismiss (ECF No. 3) be granted with respect to plaintiff's
24 federal claim;

25       2.     Plaintiff's federal claim be dismissed without leave to amend; and

26       3.     Plaintiff's remaining state law claims be dismissed without prejudice to the re-
27 filing of an action in state court.

28       These findings and recommendations are submitted to the United States District Judge

1 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
2 after being served with these findings and recommendations, any party may file written
3 objections with the court and serve a copy on all parties. Such a document should be captioned
4 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
5 shall be served and filed within fourteen days after service of the objections. The parties are
6 advised that failure to file objections within the specified time may waive the right to appeal the
7 District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE